IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG V. TRAN,<br><br>           Plaintiff,<br><br>   v.<br><br>DENNIS M. CARR, et al.,<br><br>           Defendants.<br>_____ | No. C 10-04779 CW (PR)<br><br>ORDER GRANTING IN FORMA<br>PAUPERIS STATUS; AND<br>DISMISSING ACTION |

INTRODUCTION

Plaintiff Tung V. Tran is a state prisoner who is currently incarcerated at High Desert State Prison.  He has filed this pro se civil rights action and seeks leave to proceed in forma pauperis.  He claims his "due process rights were violated when he was denied the right to have his day in court."  (Compl. at 4.)  Plaintiff seems to be referring to a denial of due process rights in his state court case in the San Mateo County Superior Court dealing with a 1998 car accident, which was dismissed on January 5, 2009.

On January 25, 2006, Plaintiff filed a previous federal civil rights action relating to the same 1998 car accident alleged in the present complaint.  See Tran v. Carr, Case No. C 06-0476 CW (PR). Upon reviewing that complaint in an Order dated December 24, 2006, the Court included the following background:

> In his complaint, Plaintiff accuses Defendant Dennis M. Carr, of the Law Offices of Dennis M. Carr, of legal malpractice in administering claims stemming from a lawsuit against Allstate Insurance Company for injuries Plaintiff sustained in a car accident in 1998. Also named as Defendants in this action are Defendants Norma Docker of Allstate Insurance Company, Karen Timmins of Farmers Insurance Group as well as the defendant in the aforementioned lawsuit, Johnny G. Carillo, who was insured with Allstate Insurance

> Company. Plaintiff seeks damages for loss of settlement damages, for pain and suffering, and for emotional distress.

(Dec. 24, 2006 Order in Case No. C 06-0476 CW (PR) at 1-2.) The Court found that Plaintiff's claims against the named defendants were not cognizable. His allegations against Defendant Carr failed to state a claim for relief under § 1983 because "[a]ttorneys in private practice are private individuals and are not state actors." (Id. at 2-3 (citing Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)).) Plaintiff's claims against Defendants Docker, Timmins and Carillo were also dismissed because these defendants are not state actors and "[p]urely private conduct, no matter how wrongful, is not covered under § 1983." (Id. at 3 (citing Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974), cert. denied, 421 U.S. 949 (1975)).) Therefore, the Court dismissed Plaintiff's previous action with prejudice. However, the Court clarified that "this Order does not prevent Plaintiff from seeking relief for his legal malpractice claim in the State courts." (Id. at 3.)

In the present matter, the record shows that Plaintiff sought relief for his legal malpractice claim in state court. See Tran v. Carr, et al., San Mateo Superior Court Case No. CIV457659. However, that action was dismissed by the state superior court on January 5, 2009. Plaintiff, who is Vietnamese, claims that he "did not understand that he needed to file the required documents to appear at the trial . . . and because he did not appeal (telephonically) at trial, the Superior Court Judge dismissed his case entirely." (Compl. at 5.) Plaintiff claims that he had requested a Vietnamese translator, but one was not provided.

2

Plaintiff "appealed on March 26, 2009." (Id.) However, after Plaintiff requested a status update on his appeal, he was informed on July 8, 2009 that his appeal was not received by the state court of appeal. Plaintiff then "resorted to filing of the untimely July 21, 2009 appeal." (Id. at 6.) On October 23, 2009, the state court of appeal "dismissed the Plaintiff's appeal asserting, 'To the contrary, the proof of service attached to the earlier notice of appeal reflects that it was mailed without an address for that court . . . [and] because the only operative notice of appeal is the untimely July 21, 2009 notice of appeal, the above-referenced appeal is hereby dismissed.'" (Id.) Plaintiff filed a petition for review in the state supreme court stating that "not having the address accompanying the title of the court on the Proof of Service did not affect its adequacy." (Id.) On February 17, 2010, the state supreme court sent Plaintiff a letter stating that "his petition cannot be entertained because the petition was filed late." (Id.)

Here, under the "Relief" section of the complaint, Plaintiff "request[s] that this court made a determination of whether he would have the legal right to procede [sic] in the appeal of the Superior Court's ruling, the court of appeals determination that the appeal was not timely submitted, and the California Supreme Court's lack of jurisdiction." (Id. at 3, 4b[1].) Based on the relief sought in this action, Plaintiff seems to be seeking a writ of mandamus to challenge the failure by the state courts to rule on

---

[1] The Court refers to the last page of the complaint as "4b" because Plaintiff has attached four hand-written pages to page three of the complaint, which were numbered "4" through "7."

3

the merits of his action relating to the 1998 car accident.

DISCUSSION

I.  Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  However, pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

II. Writ of Mandamus

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

However, this Court has no authority to take the actions requested by Plaintiff by way of a writ of mandamus.  Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.  A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law.  See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert. denied, 111 S. Ct. 1082 (1991); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir.

4

2001) (denying petition for writ of mandamus that would order state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation).

CONCLUSION

Accordingly, this action is DISMISSED for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

Leave to proceed in forma pauperis is GRANTED (docket no. 4). The total filing fee due is $350.00.  The initial partial filing fee due for Plaintiff at this time is $1.07.  A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

All pending motions are TERMINATED.  The Court certifies that any appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3). The Clerk of the Court shall enter judgment in accordance with this Order and close the file.

This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED: 12/1/2010

CLAUDIA WILKEN
United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee.  Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

    The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee.  This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

    Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00).  The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case.  The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.**  The initial partial filing fee is due within thirty days of the date of the attached order.  Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff/Petitioner
      Finance Office

UNITED STATES DISTRICT COURT<br>
FOR THE<br>
NORTHERN DISTRICT OF CALIFORNIA

TUNG,

    Plaintiff,

v.

TRAN-V-DENNIS M. CARR et al,

    Defendant.

Case Number: CV10-04779 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tung V. Tran T-42650
High Desert State Prison
P.O. Box 3030
Facility A, Bldg. #2-112L
Susanville, CA 96127

Prison Trust Account Office
High Desert State Prison
P.O. Box 3030
Facility A, Bldg. #2-112L
Susanville, CA 96127

U.S. District Court
Financial Office
San Francisco, CA
(sent via inter-office mail)

Dated: December 2, 2010

                                Richard W. Wieking, Clerk
                                By: Nikki Riley, Deputy Clerk